UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ODETTE MURRAY,

       Plaintiff,

v.                                 Case No.:  2:20-cv-209-FtM-38MRM

AETNA LIFE INSURANCE
COMPANY,

       Defendant.

_____/

**OPINION AND ORDER**[1]

Before the Court is Defendant's Motion for Summary Judgment (Doc. 12), Plaintiff's Response in Opposition and Alternative Cross Motion for Summary Judgment (Doc. 26), and Defendant's Response (Doc. 34).  Also pending is Defendant's Motion to Strike Paragraphs 7 and 8 of Plaintiff's Declaration in Support of Summary Judgment (Doc. 30), Response (Doc. 37), and Reply (Doc. 41).  For the following reasons, summary judgment is denied to both parties, and the Motion to Strike is granted in part.

**BACKGROUND**

This suit is about whether Aetna Life Insurance Company paid over $292,000 in life insurance proceeds to the proper beneficiary.  Courtney Murray ("Courtney") passed away and Aetna paid his ex-wife, Cheryl Robinson Glover ("Cheryl"), instead of his wife at the time of his death, Odette Murray ("Odette").  Aetna says because it had no notice that anyone other than Cheryl was the beneficiary, it is entitled to summary judgment

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

based on a statutory defense under Florida law that discharges Aetna from all claims under the policy. Fla. Stat. § 627.423. Odette invokes her own statutory savior – Fla. Stat. § 732.703 – that voided Cheryl's interest in the life insurance policy upon Courtney and Cheryl's divorce. But neither saves the day. And there is a genuine dispute of material fact as to whether Cheryl remained the beneficiary at the time of Courtney's death.

Courtney worked at Lee Memorial Health System ("Lee Health"), beginning in 1981. Through his employment with Lee Health, Courtney had life insurance coverage under a group policy issued by Aetna. (Doc. 12-1, the "Policy"). After Courtney began employment with Lee Health, he married Cheryl and named her as the sole beneficiary ("spouse") on the Policy. (Doc. 12-4).

In 2005, Courtney and Cheryl divorced. As part of the divorce, Courtney and Cheryl entered into a Marital Settlement Agreement dated November 16, 2005 (Doc. 26-3), in which Cheryl agreed to disclaim interest in Courtney's life insurance policies. And Courtney and Cheryl pledged that any existing life insurance policy would benefit their minor child (born in 1992) as long as the child was a minor. (Doc. 26-3, at Sec. II.I).

Courtney and Odette married on September 21, 2006. There is a handwritten note in the record, written and signed by Courtney dated February 20, 2007, stating that Odette was to be his sole beneficiary on the Policy. (Doc. 26-4). Odette's Declaration (Doc. 26-2, at ¶ 7) states that Courtney faxed this handwritten note to Lee Health's Human Resources Department on February 20, 2007, and there is a fax header with this date on

the document.  Aetna disputes the factual assertions made in Odette's Declaration because they are not based on personal knowledge and moves to strike paragraph 7.[2]

After Courtney became sick, he completed a Lee Health Life Beneficiary Form ("Life Beneficiary Form"), dated November 9, 2016, that designated Odette as the sole beneficiary on the Policy.  The Life Beneficiary Form states that "[t]he information on this form will replace any prior beneficiary designation." (Doc. 26-6).  Odette's Declaration states that Courtney sent the Life Beneficiary Form through interoffice mail to Lee Health's Human Resources Department.  (Doc. 26-2, at ¶ 8).  Odette further states that Courtney contemporaneously called her and said, "I've completed the life insurance forms so you will be taken care of." (Doc. 26-2, at ¶ 8).  Aetna denies the factual assertions in Odette's Declaration and moves to strike paragraph 8 because it is not based on personal knowledge and contains inadmissible hearsay.

Courtney passed away on April 9, 2018.  Odette was in contact with Aetna after Courtney's death and before Aetna paid Cheryl, but it is not clear from the record what they discussed.  For example, on April 23, 2018, Aetna told Odette that the claim was pending for a copy of the "DC" presumably the Death Certificate because on April 26,

---

[2] The Eleventh Circuit has noted that it is not necessary to file a separate motion to strike; instead, a party may object to the offensive material under Federal Rule of Civil Procedure 56(c)(2).

> Rule 56(c)(2) explains that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ .P. 56(c)(2).  Among other changes, Congress amended Rule 56 in 2010 to include this language. Before this amendment, parties properly challenged evidence used in a summary judgment motion by filing a motion to strike. *See* Rule 56, advisory committee's note to 2010 amendments ("There is no need to file a separate motion to strike."). The plain meaning of these provisions show that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily.

*Campbell v. Shinseki*, 546 F. App'x 874, 879 (11th Cir. 2013) (citations omitted).  Even so, the Court will consider the separately filed Motion to Strike because Aetna references the same evidentiary arguments in its Opposition to Plaintiff's Cross Motion for Summary Judgment (Doc. 34).

2018, Aetna requested a copy of the Death Certificate from Odette, which she provided. The Death Certificate states that Courtney's spouse at the time of his death was Odette. (Doc. 26-10, at 15).

On May 3, 2018, Aetna paid the proceeds of Courtney's coverage under the Policy to Cheryl who had submitted her claim to Aetna electronically. (Doc. 12-1; Doc. 12-3). Odette found out, and, not surprisingly, a flurry of activity began. On May 29, 2018, Odette identified herself to Aetna as Courtney's widow and beneficiary and advised that she was contesting Aetna's payment to Cheryl. (Doc. 12-5). On June 4, 2018, Odette faxed Lee Health the 2016 Life Beneficiary Form, naming Odette as the sole beneficiary. On June 8, 2018, Lee Health emailed the 2016 Life Beneficiary Form to Aetna. By August 18, 2018, Odette had retained counsel who faxed a copy of the 2007 handwritten note to Aetna.

On June 5, 2019, Aetna denied Odette's claim for the proceeds. Aetna claims that when it paid Cheryl's claim, Cheryl was the designated sole beneficiary on Courtney's life insurance coverage based on the 1992 form. And Aetna did not have notice of the 2007 handwritten note, nor the 2016 Life Beneficiary Form, when it paid Cheryl's claim. So Aetna was required by the Policy to pay the proceeds under the most recent beneficiary designation on file.

**STANDARD OF REVIEW**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

4

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists."  *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant.  *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).  But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'"  *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citations omitted).

## DISCUSSION

Fla. Stat. § 627.423, known as Florida's "facility of payment statute,"[3] provides:

> Whenever the proceeds or payments under a life or health insurance policy ... become payable in accordance with the terms of such policy ... and the insurer makes payment thereof in accordance with the terms of the policy ..., the person then designated in the policy ... as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefore; and such payments shall fully discharge the insurer from all claims under the policy ... unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such payment ...

Thus, the statute discharges an insured from any action when it pays on a policy if two requirements are met: (1) payment made in accordance with the policy terms; and (2) the insurer did not receive written notice that another person claims to be entitled to the payment.  But, as discussed below, there is a genuine dispute of material fact as to the second requirement – whether Aetna received written notice of the beneficiary change

---

[3] The Policy states that applicable Federal law and the laws of Florida will apply.  (Doc. 12-1, at 60, A000166).

under the Policy before it paid Cheryl's claim.  The Court starts with the language of the Policy under "Naming Your Beneficiary."

> You may change your beneficiary at any time by completing a new beneficiary designation form.  Send the completed form to your employer or Aetna.  The beneficiary change will be effective on the date you sign a new beneficiary designation form.
>
> . . .
>
> Aetna pays life insurance benefits in accordance with the beneficiary designation it has on record.  Any payment made before Aetna receives your request for a beneficiary change will be made to your previously designated beneficiary.  Aetna will be fully discharged of its duties as to any payment made, if the payment is made before Aetna receives notification of a change in beneficiary.

(Doc. 12-1 at 5, A000112).  Thus, according to the Policy's language, Courtney could change the beneficiary by sending the completed form to Lee Health *or* Aetna.  There is nothing in the record showing that Courtney ever sent a change of beneficiary to Aetna directly.  Rather, Odette alleges that Courtney sent the change of beneficiary information to Lee Health's Human Resources Department – the 2016 Life Beneficiary Form by interoffice mail and the 2007 handwritten note by fax.

### A.  The 2016 Life Beneficiary Form

#### 1.  Lee Health

Federal Rule of Civil Procedure 56(c)(4) requires that declarations used to support a motion for summary judgment must be made on personal knowledge.  Paragraph 8 of Odette's Declaration is the only evidence the Court has that Courtney sent the Life Beneficiary Form to Lee Health's Human Resources Department, which states:

> 8. On November 9, 2016, shortly after being diagnosed with a terminal illness, Mr. Murray completed a Lee Health Beneficiary Form naming his spouse, Odette Murray, as the sole beneficiary for employee life benefits. The form was sent through interoffice mail from Mr. Murray's Patient

>Services Office to the Human Resources Department.   Mr. Murray
>contemporaneously called Odette and said, "I've completed the life
>insurance forms so you will be taken care of."

(Doc. 26-2, at ¶ 8).  Aetna objects to the first two sentences of paragraph 8 because they are not based on personal knowledge.  "Once a party makes a Rule 56(c)(2) objection, 'the burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.'"  *Campbell*, 546 F. App'x at 879 (quoting Fed. R. Civ. P. 56, advisory committee's note to 2010 amendments).  Odette responds that her marriage to Courtney makes her competent to testify and she personally knows of his affairs.  Odette also states that Courtney kept records of his affairs, which are in Odette's possession, and that her personal knowledge of the events in paragraph 8 is based on her personal conversations with Courtney.

For support, Odette cites *United States v. Stein*, in which the Eleventh Circuit held that "an affidavit which satisfies Rule 56 of the Federal Rules of Civil Procedure may create an issue of material fact and preclude summary judgment even if it is self-serving and uncorroborated."  881 F.3d 853 (11th Cir. 2018).  But that is not the only proposition that *Stein* stands for.  *Stein* also noted that a conclusory affidavit will not defeat summary judgment.  881 F.3d at 857.  That is the situation we have here.  Odette declares that Courtney completed and sent the Life Beneficiary Form to Lee Health in conclusory fashion with no supporting facts, and "[c]onclusory allegations and speculation are insufficient to create a genuine issue of material fact."  *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018).  "The word 'conclusory' may be defined as '[e]xpressing a factual inference without stating the underlying facts on which the inference is based.'"

*Espinoza v. Target Corp.*, No. 9:19-CV-81108, 2020 WL 2813134, at \*3 (S.D. Fla. May 29, 2020) (quoting Black's Law Dictionary (11th ed. 2019)).

However, the Court finds that the drastic remedy of striking paragraph 8 is not proper. Generally, a motion to strike is denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019). Here, the Court cannot say that the information in paragraph 8 has no possible relationship to this case as additional facts and evidence could come to light during discovery, making the statement admissible. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Civ. P. 56(e)(4) (authorizing the Court to "issue any other appropriate order" when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact"). Therefore, the motion to strike paragraph 8 is denied.

### 2. Aetna

It is also disputed whether Aetna received the Life Beneficiary Form before paying Cheryl's claim. To support Odette's argument, she submits a fax cover sheet (Doc. 26-6) claiming to show that Lee Memorial's Human Resources Manager, Tina Caccamo, faxed the Life Beneficiary Form to Aetna on April 10, 2018 - timestamped at 11:10 a.m., refaxed the form on May 31, 2018, and refaxed the form again 8 days later. (Doc. 26, at ¶ 24). The fax Odette submitted is two pages (the cover sheet and the Life Beneficiary Form). (Doc. 26-6). Aetna disputes it received the Life Beneficiary Form on April 10, 2018, submitting its own version dated April 10, 2018 - timestamped at 11:13 a.m. (Doc. 29-1). Aetna's version is 5 pages, including the cover sheet, and most relevant for purposes here, has the *1992* beneficiary designation form naming Cheryl as the sole

beneficiary attached.  (Doc. 29-1, at 6).  So it is clearly disputed whether Aetna received the 2016 Life Beneficiary Form before paying Cheryl's claim and the Court cannot reconcile the submissions of the parties at this point.

### B.  The 2007 Handwritten Note

The 2007 handwritten note also does not support summary judgment.  To change a beneficiary, the Policy required that Courtney use a beneficiary designation form, and the handwritten note was not on a form.  "The right to change the beneficiary of a life insurance policy depends on the contract between the insurer and the insured as expressed in the insurance policy."  *Cooper v. Muccitelli*, 661 So. 2d 52, 53 (Fla. Dist. Ct. App. 1995), *approved*, 682 So. 2d 77 (Fla. 1996).  Further, in 2007, Courtney's child was still a minor, and the divorce agreement retained the benefit of the Policy for Courtney's child if she was a minor.  For these reasons, Odette's statements in paragraph 7 of her Declaration are not admissible, the Court will strike paragraph 7.

### C.  Fla. Stat. § 732.703 (Odette's Cross Motion)

Finally, Odette alternatively argues for summary judgment in her favor because Fla. Stat. § 732.703 automatically voided Cheryl's beneficiary designation when Courtney and Cheryl divorced.  Section 732.703 provides:

> A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

Fla. Stat. § 732.703(2).  Based on this statute, Odette contends that Cheryl was no longer a beneficiary of the Policy when her and Courtney divorced.

9

Aetna does not dispute that Odette is the rightful beneficiary under Fla. Stat. § 732.703 but argues this fact does not vitiate the payment and discharge defense afforded to Aetna by Fla. Stat. § 627.423.  Although there is a dearth of caselaw analyzing the intersection between the two statutes, a Florida appeals court has held that "[t]he operation of the Florida facility of payment statute presumes that benefits might have been paid to someone with an inferior claim." *Schwartz v. Guardian Life Ins. Co. of Am.*, 73 So. 3d 798, 808 (Fla. Dist. Ct. App. 2011) (also noting there is no good-faith requirement on applying the statute).  Thus, the facility of payment statutory defense could still apply even if Cheryl had an inferior claim under Fla. Stat. § 732.703.  As a result, Odette's Alternative Cross Motion for Summary Judgment is denied.

Accordingly, it is now

**ORDERED:**

(1)     Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**.

(2)     Plaintiff's Alternative Cross Motion for Summary Judgment (Doc. 26) is **DENIED**.

(3)     Defendant's Motion to Strike Paragraphs 7 and 8 (Doc. 30) is **GRANTED** as to paragraph 7 and **DENIED** as to paragraph 8.

(4)     Defendant's Motion to Stay Discovery Pending the Court's Ruling on Summary Judgment (Doc. 40) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July, 2020.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record