UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ODETTE MURRAY,

      Plaintiff,

v.                                 Case No.:  2:20-cv-209-FtM-38MRM

AETNA LIFE INSURANCE CO.,

      Defendant.

_____/

## **ORDER**[1]

Before the Court is Defendant Aetna Life Insurance Company's Renewed Dispositive Motion for Summary Judgment.  (Doc. 46).  This suit is about Defendant paying a quarter million dollars in life insurance proceeds to a decedent's ex-wife and not the wife.  The Court need not discuss the facts because it already denied both parties' motions for summary judgment.  (Doc. 44).  But Defendant has wasted no time to try summary judgment again.  Now, just three weeks after denying its first summary judgment attempt, Defendant moves again with supplemental evidence.  But because Defendant does so in defiance of Local Rule 3.01(a) and the Case Management and Scheduling Order, the Court denies the motion.

Local Rule 3.01(a) requires a motion "to include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

document not more than 25 pages." Courts interpret this rule to permit a *single* summary judgment motion. *See, e.g.*, *Bey v. Am. Honda Fin. Servs. Corp.*, No. 8:17-CV-759-T-33MAP, 2017 WL 11017804, at *1 (M.D. Fla. Apr. 27, 2017) (citations omitted); *Voter Verified, Inc. v. Premier Election Sols., Inc.*, No. 6:09-cv—1968-ORL-19KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010). This case's Case Management and Scheduling Order governing removes any ambiguity about this one summary judgment rule. It specifically says, "Only one motion for summary judgment may be filed by a party . . . absent leave of Court." (Doc. 21 at 3); *see Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1242, 1240 (11th Cir. 2009) (stating "a district court has the inherent authority to manage and control its own docket so as to achieve the orderly and expeditious disposition of cases" (internal quotes omitted)). Defendant did not ask for leave of Court—nor should it try before next year's discovery and mediation deadlines. *Cf. Fed. R. Civ. P. 56(d)* (discussing actions the court may take when facts are unavailable to the nonmovant); *see also Wilson v. Farley*, 203 F. App'x 239, 250 (11th Cir. 2006) (citing the district court's inherent authority to manage its docket and upholding an order directing parties to not file motions for summary judgment until the discovery process ended). Per the Court's inherent authority to manage its docket, Local Rule 3.01(a), and the Case Management and Scheduling Order, it denies Defendant's renewed motion for summary judgment.

Accordingly, it is now

**ORDERED:**

Defendant Aetna Life Insurance Company's Renewed Dispositive Motion for Summary Judgment (Doc. 46) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record