UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ODETTE MURRAY,

    Plaintiff,

v.                                                          Case No.:   2:20-cv-209-FtM-38MRM

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint to Add Party Defendant with Supporting Memorandum of Law and Proposed Second Amended Complaint Attached. (Doc. 43). Plaintiff seeks leave to amend her Complaint to add a named party as a defendant. (*Id*. at 1). Defendant filed a response in opposition. (Doc. 48). For the reasons below, the Undersigned recommends Plaintiff's Motion (Doc. 43) be **DENIED**.

### BACKGROUND

    The issue before the Court is whether Plaintiff may amend her Complaint to add a non-diverse party, thereby destroying the Court's diversity jurisdiction and necessitating remand. Plaintiff seeks leave under Fed. R. Civ. P. 15(a)(2) to add proposed defendant Lee Memorial Health System a/k/a Lee Health ("Lee Health"). (Doc. 43 at 1). But Defendant Aetna Life Insurance Company removed this matter from state court to federal court on March 24, 2020 (*see* Doc. 1) and Plaintiff concedes that "this case was removed from state court on grounds of diversity and by adding Lee Health as a Defendant, diversity would be destroyed." (Doc. 43 at 4).

Nevertheless, Plaintiff argues that she is not filing her motion for the purposes of delay or due to dilatory motives and notes that Plaintiff's prior counsel had attempted to name Lee Health in state court.  (Doc. 43 at 3).  Plaintiff, then, argues that "Lee Health was not previously named for the relief [Plaintiff] seeks today," that "Aetna will not be prejudice if [Plaintiff's] Motion is granted," and "the issues presented are of novel state law which may be better brought in a state court forum that has an interest in adjudicating the case."  (*Id*.).  It is Plaintiff's position that the "prejudice to [Plaintiff] resulting from maintaining this lawsuit in federal court without Lee Health far outweighs Aetna's arguable incidental prejudice due to remand."  (*Id*.).

Defendant correctly points out that Plaintiff relies on the wrong legal standard and that "[i]n reality, however, the instant motion is governed not by Rule 15(a)(2), but rather by 28 U.S.C. § 1447(e)" because, Lee Health as a citizen of Florida, would destroy the Court's diversity jurisdiction.  (Doc. 45 at 3).[1]  Defendant posits that "[g]iven [Plaintiff's] failure to seek to add Lee Health until after removal despite her clear knowledge of Lee Health as a potential (and actual) defendant from the beginning of the dispute, her conduct strongly suggests that her real agenda is to include an additional defendant merely to defeat diversity jurisdiction and get this case back to state court."  (*Id*. at 6) (internal quotations omitted).  Additionally, Defendant argues that Plaintiff was dilatory in seeking this amendment because she was aware of the facts she purportedly relies upon as early as 2019 and was "well aware of Aetna's position at the time she voluntarily dismissed Lee Health from the state court action in August 2019, and was indeed aware of it for **more than a year before filing the instant motion**."  (*Id*. at 7 (emphasis in original)).

---

[1] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).

2

Finally, Defendant maintains that Plaintiff will suffer no prejudice and that the equities weigh against joinder. (Doc. 45 at 7-8). For example, Defendant points out that "Aetna's ability to satisfy a judgment is not in question" and that Plaintiff can seek discovery from Lee Health "under the applicable procedural rules irrespective of whether Lee Health is a party to this case." (*Id*. at 8). Defendant argues that Plaintiff can also bring a separate tort claim against Lee Health in state court. (*Id*.). Lastly, Defendant asserts that "allowing the proposed amendment would unnecessarily expand and complicate this action by injecting a new tort theory against a new party following many months of litigation." (*Id*.).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave. The [C]ourt should freely give leave when justice so requires." The decision whether to permit an amendment is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *Id.* Consequently, the Court must find a justifiable reason to deny a request for leave to amend. *Id.* "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Authority*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advert.*, 357 F.3d 1213, 1217 (11th Cir. 2004).

Yet because "Plaintiff's amended complaint seeks to join a non-diverse defendant, it must be analyzed under 28 U.S.C. § 1447(e)." *Adkins v. Allstate Fire and Cas. Ins. Co.*, No.

2:14-cv-588-FtM-38DNF, 2015 WL 64544, at *2 (M.D. Fla. Jan. 5, 2015). "In determining whether to permit or deny joinder of a non-diverse party, a district court must either (1) deny joinder, or (2) permit joinder and remand the case to state court." *Id*. (citing *Ingram v. CSX*, 146 F.3d 858, 862 (11th Cir. 1998)). Because the Court's decision to grant or deny joinder necessarily affects its jurisdiction, "the joinder of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." *Id*. (citing *Seropian v. Wachovia Bank, N.A.*, No. 10-80397-Civ, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010)). "A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, 'should scrutinize that amendment more closely than an ordinary amendment' and should deny leave to amend unless strong equities support the amendment." *Id*. (citing *Linares v. Home Depot U.S.A., Inc.*, No. 12-60308-Civ, 2012 WL 1441577, at *2 (S.D. Fla. Apr. 26, 2012)).

In scrutinizing the proposed amendment, the Court should apply the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See Espat v. Espat*, 56 F. Supp. 2d 1377, 1382 (M.D. Fla. 1999) (applying *Hensgens* factors to § 1447 analysis). These factors include: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for [the] amendment, (3) whether plaintiff will be significantly injured if [the] amendment is not allow[ed], and (4) any other factors bearing on the equities." *Adkins*, 2015 WL 64544, at *2 (citing *Hensgens*, 883 F.2d at 1182).

As described below, these factors weigh against Plaintiff's proposed amendment.

## DISCUSSION

The Undersigned finds that Plaintiff's Motion is due to be denied. By her own admission, Plaintiff acknowledges that the Court would need to relinquish jurisdiction and

remand this matter to state court if it grants the amendment but that this case "may be better brought in a state court forum that has an interest in adjudicating the case." (Doc. 43 at 3). Additionally, the Court agrees with Defendant that Plaintiff's litigation strategy strongly supports the inference that she seeks to add Lee Health for the purpose of defeating federal jurisdiction and, furthermore, that Plaintiff acted in a dilatory manner. (*See* Doc. 45 at 5-6).

Plaintiff represents that her prior counsel—an attorney previously at the same law firm as Plaintiff's current counsel—originally named Lee Health in the state court action, "but for a different purpose than the undersigned [(attorney)] seeks in the instant motion" and that Lee Health "was previously dismissed as a mis-named entity." (Doc. 43 at 3). But Plaintiff fails to offer any convincing explanation for why Plaintiff did not seek to join Lee Health again, before removal, beyond stating that "this case had a confused beginning." (*See id.*). Plaintiff does, however, state that this "Motion for leave is based on the information Aetna cites as its defense and provided by Aetna in discovery." (*Id.*).

Specifically, Plaintiff argues that there have been:

> significant factual and procedural developments that have occurred since the original complaint was filed, including Aetna's assertion that it paid the life insurance proceeds to the correct beneficiary according to its records, though Lee Health is an agent of Aetna insofar as it is responsible for providing its employees with employee benefit forms and communicating its employees' selections to Aetna.

(Doc. 43 at 1).

For its part, however, Defendant argues that it is "a matter of record in this case that Aetna notified [Plaintiff]—through counsel, in correspondence dated **June 5, 2019**—of the denial of her benefits claim on the express ground that the company had 'made payment to the named beneficiary on May 3, 2018 based on the information provided and on file at the time of

5

payment.'"  (Doc. 45 at 6) (emphasis in original).  Defendant also challenges Plaintiff's reliance on her prior attorney by asserting that despite "blam[ing] a previous attorney for the lawsuit's 'confused beginning' . . . [Plaintiff] has been represented by the same law firm since first commencing suit in state court."  (*Id*. at 7).  "Furthermore," Defendant argues, "the original state court complaint, filed in March 2019, makes clear there was no confusion regarding Lee Health's role in the facts of the case as alleged" by Plaintiff.  (*Id*.).  Plaintiff fails to argue convincingly that it was not dilatory in naming a defendant that it had previously included in the underlying state court action and Defendant's arguments belie Plaintiff's assertion that she was not dilatory now, irrespective of her new theory in seeking to add Lee Health.

      The Undersigned next turns to the prejudice Plaintiff alleges she will suffer if the Court denies her Motion.  Plaintiff argues that "[b]y excluding Lee Health from this lawsuit, it increases [Plaintiff's] risk of inconsistent judgments or a fabre defendant situation."  (Doc. 43 at 4).  By way of example, Plaintiff explains that "if this case were to resolve against [Plaintiff] in favor of Aetna, and [Plaintiff] were to seek recovery against Lee Health for failure to provide Aetna with her husband's correct beneficiary forms, Lee Health could just as easily claim that it bears no liability and cast the blame on Aetna."  (*Id*.).

      While Plaintiff's assertion bears some merit, she has failed to explain why she cannot bring a parallel suit against Lee Health in state court.  Conversely, Plaintiff has made no showing that she cannot obtain full relief from Aetna in this Court without the presence of Lee Health, that she cannot conduct discovery against Lee Health irrespective of their status as a party to this action, or that Aetna would not be able satisfy fully any judgment Plaintiff obtains in this Court.  While the costs and time associated with parallel lawsuits do not serve the purpose of judicial economy, the Undersigned nonetheless finds that Plaintiff has failed to demonstrate a prejudice

so great as to outweigh the other factors in Aetna's favor. *See Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1358 (S.D. Fla. Feb. 14, 2013) (denying motion to join non-diverse party and finding that, *inter alia*, where plaintiff can bring parallel suit in state court balance of equities weigh against allowing amendment). For these reasons, the equities weigh in favor of the Court denying Plaintiff's Motion and maintaining its diversity jurisdiction.

## CONCLUSION

The Undersigned recommends the Court deny Plaintiff's Motion to Amend (Doc. 43) because Plaintiff seeks to add a non-diverse party that would strip the Court of its diversity jurisdiction. Plaintiff relies on the incorrect legal standard. As set forth above, the Undersigned finds Plaintiff acted in a dilatory manner and seeks to add Lee Health for the purpose of destroying diversity jurisdiction. Furthermore, while Plaintiff may suffer *some* prejudice, Plaintiff may also minimize this prejudice by bringing a parallel lawsuit against Lee Health in state court and Plaintiff has also made no showing that Aetna, here, cannot fully satisfy any judgment in favor of Plaintiff without Lee Health as a party. Based on the foregoing, the Undersigned finds that the balance of equity weighs in favor of denying the Motion.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Leave to File Second Amended Complaint to Add a Party Defendant (Doc. 43) be **DENIED**.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on September 1, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties