UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ODETTE MURRAY,

      Plaintiff,

v.                                                             Case No: 2:20-cv-209-SPC-MRM

AETNA LIFE INSURANCE
COMPANY,

      Defendant.
_____/

# OPINION AND ORDER[1]

Before the Court is Aetna Life Insurance Company's Motion for Summary Judgment (Doc. 55), along with Odette Murray's response (Doc. 58),[2] and Aetna's reply (Doc. 60). After considering these papers against the record and applicable law, the Court grants the Motion for Summary Judgment as to breach of contract claim and dismisses the declaratory judgment claim for lack of jurisdiction.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Plaintiff's response does not follow Local Rule 1.08's typography requirements. For efficiency reasons, the Court will not strike the paper. But Plaintiff should not expect future leniency from the Court for this failure to follow the Local Rules.

## BACKGROUND

This suit is about whether Aetna paid over $292,000 in life insurance proceeds to the proper beneficiary after Courtney Murray passed away. Because Courtney's ex-wife, Cheryl Robinson Glover, was the beneficiary Aetna had on file when he died, it paid her. Odette Murray, Courtney's wife when he died, says she is the beneficiary and Aetna should have paid her. These disputes often come to the Court as interpleader actions. But here, Odette sues for declaratory relief under Fla. Stat. § 86.011 (Count I), and for breach of the life insurance policy (Count II). (Doc. 3). In Count I, Odette requests two declarations: (1) that the life insurance policy "was in full force and effect and provided life insurance benefits to Odette Murray," and (2) that she is the "sole and rightful beneficiary of benefits" under the life insurance policy. (Doc. 3 at ¶ 33). In Count II, Odette alleges that because she is the proper beneficiary, Aetna breached the life insurance policy by not paying her. Aetna says because it had no notice that anyone other than Cheryl was the beneficiary, it is entitled to summary judgment based on a statutory defense under Florida law that discharges Aetna from all claims under the life insurance policy. Fla. Stat. § 627.423.

Courtney Murray worked at Lee Memorial Health System ("Lee Health") for 37 years, until his death in 2018. Through his employment, he had two group life insurance policies—one underwritten by Aetna, and one

2

underwritten by Minnesota Life Insurance Company. After Courtney died, Odette was paid by just one policy (Minnesota Life). This suit is about the Aetna policy and its beneficiary designation. (Doc. 55-1, "the Policy").

Courtney married Cheryl, and, in 1992, named her as "spouse" and sole beneficiary on the Policy. (Doc. 59-1 at 6). In 2005, Courtney and Cheryl divorced and entered into a Marital Settlement Agreement (Doc. 26-3), in which Cheryl agreed to disclaim her interest in Courtney's life insurance policies.

Courtney and Odette married in 2006. On November 9, 2016, Courtney completed a Lee Health "Life Beneficiary Form," that named Odette as "spouse" and sole beneficiary on the Policy. (Doc. 59-2 at 16). Odette submits a Declaration telling us that Courtney sent the 2016 Life Beneficiary Form to Lee Health's human resources department by interoffice mail and placed the signed form in a floor safe at home where he placed all their important papers. (Doc. 58-1). No one from Lee Health's human resources department could say they received the 2016 Life Beneficiary Form.

Courtney died on April 9, 2018. The next day, Lee Health submitted Courtney's claim for benefits to Aetna. The claim submission included the only beneficiary form that Lee Health had on file at the time of Courtney's death—the 1992 beneficiary form naming Cheryl as the sole beneficiary. (Doc. 59-2).

After Courtney died, Aetna spoke with Odette and requested the death certificate from her. Odette called Aetna on April 23, 2018, identified herself as Courtney's spouse, and asked the Aetna representative about the status of the death benefit. (Doc. 58-1 at ¶ 17). On May 3, 2018, Aetna paid Cheryl as the beneficiary on the Policy. Odette called Aetna multiple times and contested the payment to no avail. After Cheryl was paid, Odette got the 2016 Life Beneficiary Form out of the floor safe and took it to Lee Health HR. Lee Health provided the 2016 form to Aetna, but it was too late. Aetna had paid Cheryl and nothing Odette told them or that they received changed their mind. On June 5, 2019, Aetna denied Odette's claim for the benefits.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At this stage, courts must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

Aetna moves for summary judgment based on a statutory defense, Fla. Stat. § 627.423, known as Florida's "facility of payment statute," which provides:

> Whenever the proceeds of or payments under a life or health insurance policy or annuity contract become payable in accordance with the terms of such policy or contract, or the exercise of any right or privilege thereunder, and the insurer makes payment thereof in accordance with the terms of the policy or contract or in accordance with any written assignment thereof, the person then designated in the policy or contract or by such assignment as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefor; and such payments shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract.

Fla. Stat. § 627.423. Thus, the statute discharges an insured from any action when it pays on a policy if two requirements are met: (1) payment made under the policy terms; and (2) the insurer did not receive written notice before payment is made that another person claims to be entitled to the payment.

Odette makes two arguments against summary judgment. First, she argues that the statute protects only insurers that comply with the terms of an insurance policy, which Aetna did not do here. She says that the Policy is ambiguous as to when a beneficiary change is effective and therefore the Court should construe the Policy in her favor for coverage and find a genuine issue of

5

material fact as to whether Courtney complied with the Policy terms to change the beneficiary. The Policy provides:

> **Naming Your Beneficiary**
> []
>
> A beneficiary is the person you designate to receive life benefits if you should die while you are covered. You may name anyone you wish as your beneficiary. You may name more than one beneficiary. You will need to complete a beneficiary designation form, which you can get from your employer.
>
> []
>
> You may change your beneficiary choice at any time by completing a new beneficiary designation form. Send the completed form to your employer or to Aetna. The beneficiary change will be effective on the date you sign a new beneficiary designation form.
>
> []
>
> Aetna pays life insurance benefits in accordance with the beneficiary designation it has on record. Any payment made before Aetna receives your request for a beneficiary change will be made to your previously designated beneficiary. Aetna will be fully discharged of its duties as to any payment made, if the payment is made before Aetna receives notification of the change in beneficiary.

(Doc. 55-1 at 8).

It is a cardinal principle of insurance law that where the provisions of an insurance policy are clear and unambiguous, the terms of the policy will be accorded their plain meaning and enforced as written. *See Rigel v. National Cas. Co.*, 76 So. 2d 285, 286 (Fla. 1954).

The Court finds that the Policy is not ambiguous and must be enforced as written. Aetna pays benefits to the beneficiary it has on file and must receive notification of a change in beneficiary before payment is made. True, a beneficiary change may be effective when a signed beneficiary form is sent to either Aetna or Lee Health, but *payment* is conditioned on Aetna receiving any beneficiary change before payment is made. And there is no evidence that Aetna received a beneficiary designation form to name Odette as the beneficiary before it paid Cheryl. Even drawing all reasonable inferences in Odette's favor to find that Courtney did send the 2016 Life Beneficiary form to Lee Health, the Court would reach the same conclusion. Unless Aetna receives the request for beneficiary change, it is within the Policy terms to pay the beneficiary designation it has on record. In sum, Aetna complied with the Policy terms when paying Cheryl who was the only beneficiary designation Aetna had on record when Courtney died. And because Aetna had no written notice by or on behalf of Odette that she claimed to be entitled to the benefits before paying Cheryl, Aetna was discharged of any further liability under Fla. Stat. § 627.423.

Odette's second argument doesn't move the needle. Odette argues that she is the sole and rightful beneficiary under Fla. Stat. § 732.703, which automatically voided Cheryl's 1992 beneficiary designation when Courtney and Cheryl divorced. And with no beneficiary designation on file when

7

Courtney died, the Policy benefits went to Odette as the surviving spouse. (Doc. 55-2 at 6).

> Section 732.703 provides:
>
> (2) A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

Fla. Stat. § 732.703(2).

What Odette essentially asks for is the Court to find that the statute overrides the facility of payment statute and enter judgment in her favor to declare her the beneficiary and find Aetna in breach. But Odette did so only in opposing Aetna's motion, which is procedurally improper. She has not moved for summary judgment and the time to do so has long passed. To be sure, Odette did request summary judgment be entered in her favor based on the same argument at the beginning of this case. (Doc. 26). But she has not renewed that request here. Quite the contrary. She requests that the Court "allow this case to be heard before a jury as a trier of fact." (Doc. 58 at 18). The Court has no obligation to convert Odette's response into yet a third round of summary judgment briefing. Procedural problems aside, Odette does not explain why the Court should disregard a defense afforded to Aetna by §

627.423 after paying under the Policy terms and apply § 732.703 instead. And the Court has no obligation to make such an argument on her behalf.

In conclusion, because Aetna had no written notice by or on behalf of Odette that she claimed to be entitled to the benefits before paying Cheryl, the Court finds Aetna is entitled to summary judgment on its statutory defense under Fla. Stat. § 627.423.

With the breach of contract claim decided in Aetna's favor, that leaves only Odette's request that the Court to declare her the sole and rightful beneficiary under the Policy. The Court finds the declaratory judgment claim is moot and therefore the Court lacks jurisdiction over the claim.

To start, Odette's claim is under the Florida Declaratory Judgment Act. A district court sitting in diversity must apply federal procedural law and state substantive law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). But "[n]umerous Florida district courts and, in an unpublished opinion, the Eleventh Circuit Court of Appeals have held that Florida's Declaratory Judgment Act is procedural and does not confer any substantive rights." *CJS Inv'rs, LLC v. Berke*, No. 618CV374ORL31DCI, 2018 WL 6589713, at *3 (M.D. Fla. Dec. 14, 2018) (citing *Coccaro v. Geico Gen. Ins.*, 648 F. App'x 876, 880 (11th Cir. 2016)). Thus, the Court construes Count I to seek relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See 500 La Peninsula Condo. Ass'n v. Landmark Am. Ins.*, No. 2:20cv-767-FTM-38NPM, 2020 WL

9

6273699, at *1 n.3 (M.D. Fla. Oct. 26, 2020); *Hanus v. AIG Prop. Cas.*, No. 2:20-cv-814-FTM-38NPM, 2020 WL 6154813, at *1 (M.D. Fla. Oct. 20, 2020).

Under the Declaratory Judgment Act, in a "case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). *See also Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 942 F.3d 1215, 1251 (11th Cir. 2019) (explaining that the Declaratory Judgment Act doesn't "enlarge the jurisdiction of the federal courts" and that declaratory relief is subject to the "case or controversy" requirement of Article III). "Before a federal court may issue relief under the Act, there still must be a case or controversy that is live, is definite and concrete, and is susceptible to specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 734 (11th Cir. 2018) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). The Supreme Court has explained,

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of

10

> sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Oil Co.*, 312 U.S. 270, 273 (1941).

Even if there is a case of actual controversy when a case is filed, the "mootness doctrine ensures that a justiciable case or controversy is present at all stages of review." *Gagliardi*, 889 F.3d at 733 (quoted authority omitted). "Thus, a case becomes moot when the reviewing court can no longer offer any effective relief to the claimant." *Id.* "As with any federal suit, when a party seeks declaratory relief, the courts are required to examine whether there is an 'actual controversy,' without which a declaration may not issue." *Id.* at 735.

Applying these principles, with no remaining dispute over Aetna's breach, any determination by the Court as to whether Odette is the sole and rightful beneficiary under the Policy amounts to an advisory opinion and is not justiciable. Even if the Court provides Odette with the declaration she wants, that declaration would not provide Odette with the remedy she wants against Aetna (the payment of insurance proceeds). "Instead, it would only resolve a collateral issue; [s]he would still have to return to state court, where [s]he might (or might not) be able to use the declaratory judgment in support of a new suit seeking monetary damages." *Sundy Friendship Pavilion Acquisition Co.*, 807 F. App'x 977, 982 (11th Cir. 2020).

In sum, no actual controversy remains between Odette and Aetna that the declaratory judgment claim could resolve. Thus, the claim is moot. In such circumstances, the district court must dismiss the claim for lack of Article III jurisdiction. *See Gagliardi*, 889 F.3d at 735.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 55) is **GRANTED** as to breach of contract claim (Count II).

2. The declaratory judgment claim (Count I) is **DISMISSED** without prejudice for lack of jurisdiction.

3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 7, 2021.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record